*affidavit of indigency included in back*

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MAR 10 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IFEDOO NOBLE ENIGWE, #45425-066
FCI/FSL Elkton
P.O Box 10
Lisbon, OH 44432

Plaintiff,

-vs-

BUREAU OF PRISONS,

Defendant.

CASE RE-ASSIGNED
APR 27 2006
TO: COLLYER, J. RMC

CASE NUMBER 1:06CV00457
JUDGE: Unassigned
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 03/10/2006

## COMPLAINT

1. It is Plaintiff's position that the Bureau of Prisons is currently in violation of the provisions of Title 5, U.S.C., §552(a)(e)(5) which states in pertinent part that "each Agency that maintains a system of records shall maintain all records which are used by the Agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

By this lawsuit, Plaintiff calls upon this Honorable Court to consider the facts of this case and grant any relief as it deems proper, including but not limited to considering the items in Plaintiff's "Request For Relief," infra.

## JURISDICTION OF THE COURT

2. This Court has subject matter jurisdiction to hear and decide this case based on Title 5, U.S.C., §552(a) et seq, 28 U.S.C., §1331(federal question), 28 U.S.C., §2201, and 28 U.S.C., §2241 et seq. Plaintiff recently exhausted his administrative remedies, to wit, BP 8½, 9, 10, and finally 11, which was decided by the Central Office of the Bureau of Prisons in Washington, D.C.

-1-

**RECEIVED**
FEB 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## PARTIES

3. Plaintiff, Ifedoo Noble Enigwe, is a federal prisoner, currently incarcerated at FCI Elkton, P.O.Box 10, Lisbon, Ohio 44432. The Bureau of Prisons is a governmental entity with a business address at 320 First Street, N.W., Washington, D.C. 20534, charged with maintaining the custody of the Plaintiff.

## VENUE

4. This Court is the proper venue to commence and litigate this matter because the defendant maintains business address in Washington, D.C., and the final document that concluded the exhaustion of remedy process in this case came from Washington, D.C.

## FACTS OF THE CASE

5. When Plaintiff was convicted, his Presentencing Report contained facts that he was a manager in a drug organization, and was given two points for the role (See Responses to BP 10, and 11, as attached.)

6. The Bureau of Prisons, armed with this information, along with the fact that the PSI also reported that about 3 kilograms of heroin was imported in the case, assessed Plaintiff "Greatest Severity" public safety factor.

7. Because Plaintiff believes that his PSI does not contain the type of information that warrants a "Greatest Severity" public safety factor, he moved to have his record corrected.

8. The Bureau of Prisons refused, stating that Plaintiff's record qualifies for the public safety factor applied because he was a leader/organizer.

## CAUSE OF ACTION

9. Because the Bureau of Prisons overlooked the definition of "Leader/Organizer" under the requirement of "Greatest Severity" public safety factor (which clearly states: **organized, leads, directs, or otherwise runs a drug disribution organization. Receives the largest share of the profits and has the greatest decision-making authority**--See Program Statement, 5100.7, Appendix G, Page 1, as attached,) the Bureau of Prisons has erroneously applied the public safety factor to this Plaintiff whose record does not show that he **received the largest share of profits and did not have the greatest decision-making authority** in his conspiracy. Indeed, Plaintiff's record shows that he was a mere manager, that is why he received 2 points for aggravated role as opposed to four or even three. Furthermore, Appendix B, page 1, which enumerated the criteria for applying the Greatest Severity, clearly shows that Plaintiff could not qualify for this public safety factor because his PSI did not indicate that he **maintained ownership interest/profit**, nor did it indicate that he was involved in a **large-scale drug activity**. When the PSI is lacking all these necessary information that were gleaned from the very Program Statement that the Bureau or Prisons rely on, then the application of such public factor becomes arbitrary and capricious requiring correction.

10. This erroneous application of the public safety factor relying on facts not present in Plaintiff's PSI violates Plaintiff's rights under Title 5, U.S.C., §552(a) et seq.

## RELIEF REQUESTED

11.  Plaintiff respectfully requests that this Court interprets the Bureau of Prisons' own language of the Programs Statement 5100.7, Appendix B, page 1, and Appendix G, page 1, which emphasized, as to Appendix B, page 1, that the recipient of a greatest severity public safety factor must have maintained ownership interest/profit, **in a large scale drug activity**---and that if the recipient was not in a large scale drug activity in the first place, then he could not even be assessed a public safety factor. As to Appendix G, page 1, that if the recipient did not **receive the largest share of the profits and has the greatest decision-making authority**, then he could not even receive the classification, as in this case where Plaintiff's record does not show such information.

12.  Because Plaintiff's records are devoid of all these criteria for applying greatest severity public safety factor, Plaintiff respectfully requests that the Bureau of Prisons be compelled to remove same from his record as to keep accurate record.

13.  Furthermore, this Court should compel the Bureau of Prisons to pay the Plaintiff the sum certain of Fifteen thousand dollars ($15,000), as contemplated by Title 5, U.S.C., §552(a) et seq. for violation of Plaintiff's rights to Privacy Acts.

Wherefore, Plaintiff respectfully prays.

Respectfully Submitted:

_____
Ifedoo Noble Enigwe, Pro Se
Plaintiff
FCI Elkton
P.O. Box 10
Lisbon, Ohio 44432

Dated: 13 day of February 2006.   -4-

PS 5100.07
9/3/99
Appendix B, Page 1

**OFFENSE SEVERITY SCALE**

### GREATEST SEVERITY

**Aircraft Piracy** - placing plane or passengers in danger
**Arson** - substantial risk of death or bodily injury
**Assault** - serious bodily injury intended or permanent or
    life threatening bodily injury resulting)
**Car Jacking** - any
**Drug Offense** - see criteria below*
**Escape** - closed institution, secure custody, force or
    weapons used
**Espionage** - treason, sabotage, or related offenses
**Explosives** - risk of death or bodily injury
**Extortion** - weapon or threat of violence
**Homicide or Voluntary Manslaughter** - any
**Kidnaping** - abduction, unlawful restraint, demanding or
    receiving ransom money
**Robbery** - any
**Sexual offenses** - rape, sodomy, incest, carnal knowledge,
    transportation with coercion or force for commercial
    purposes
**Toxic Substances/Chemicals:** - weapon to endanger human life
**Weapons** - distribution of automatic weapons, exporting
    sophisticated weaponry, brandishing or threatening use of
    a weapon

*    Any **drug offender** whose current offense includes the following
     criteria shall be scored in the Greatest severity category:

The offender was part of an organizational network and he or she
organized or maintained ownership interest/profits from **large-scale**
drug activity,

***AND***

the drug amount equals or exceeds the amount below:

**Cocaine** - greater than or equal to 10,000 gm, 10 K, or 22 lb
**Cocaine Base "Crack"** - greater than or equal to 31 gm
**Hashish** - greater than or equal to 250,000 gm, 250 K, or 551 lb
**Marijuana** - greater than or equal to 620,000 gm, 620 K, or 1,367 lb
**PCP** - greater than or equal to 100,000 mg, 100 gm, or 20,000 dosage
units
**Heroin or Opiates** - greater than or equal to 2,000 gm, 2 K, or 4.4 lb
**Methamphetamine** - greater than or equal to 16,000 gm, 17 K, or 35 lbs
**Other illicit drugs:** - Amphetamine, Barbiturates, LSD, etc. greater
than or equal to 250,000 dosage units

06 0457



**FILED**
MAR 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
                                          PS 5100.07
                                          CN-2 1/31/2002
                                          Appendix G, Page 1
```

## DRUG ORGANIZER/LEADER
## EXPLANATION OF FUNCTION DEFINITIONS

Read the "Offense Conduct" section of the PSI and any other available information to understand what the inmate did in the criminal activity. The functions are listed in descending order of SERIOUSNESS.

### DRUG ORGANIZER/LEADER

**Importer/High-Level Supplier**: imports or otherwise supplies large quantities of drugs; is at or near the top of the distribution chain; has ownership interest in drugs (not merely transporting drugs for another individual); usually supplies drugs to other drug distributors and does not deal in retail amounts; may employ no or very few subordinates.

**Organizer/Leader**: organizes, leads, directs, or otherwise runs a drug distribution organization. <u>Receives the largest share of the profits and has the greatest decision-making authority.</u>

**Grower/Manufacturer**: grows, cultivates, or manufactures a controlled substance, and is the principal owner of the drugs. (Keep in mind, the intent of this definition is to capture the individual who has the capability to manufacture enormous amounts of drugs in his garage/lab for example, and not the individual who is growing only five marijuana plants in his basement.)

**Financier/Money Launderer**: provides money for purchase, importation, manufacture, cultivation, transportation, or distribution of drugs; launders proceeds of drug sales or purchases.

**Aircraft Pilot/Vessel Captain**: pilots vessel or aircraft; requires special skill; does not include inmate who is the only participant directing a small boat (i.e., a speed boat) onto which drugs had been loaded from a "mother ship" (such person is a courier).

**U.S. Department of Justice**  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Enigwe, Ifedoo Noble__         __45425-066__         __DA__         __FCI Elkton__
     LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

**Part A—REASON FOR APPEAL** I brought to the attention of the Warden of FCI Elkton, Ohio, and the Northeastern Region, that as per the definition of "Leader/Organizer" in the January 31, 2002 Program Statement, 5100.7, Appendix G, Page 1, I must have received the highest share of profit and held the highest decision making authority in the conspiracy for which I was convicted. My PSI does not show these two key facts, nor does any document that stemmed from my case. Accordingly, the BOP could not maintain the notation, "Greatest Severity" on my file. Neither the warden of Elkton, Ohio, nor the Region dealt with this aformentioned definition of "Leader/Organizer" or the lack of such evidence in my case. Perhaps this office would care to look into the definition, and to see that there is no evidence that I received the largest share of the profit nor held the highest decision making authority in my alleged conspiracy. As such, the notation, "Greatest Severity" in my record is simply erroneous, and should be deleted.

__November 10, 2005__                               _____
DATE                                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

NOV 2 2005

---

_____                                   _____
DATE                                              GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: __388493-A2__

**Part C—RECEIPT**                                CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                                   _____
DATE                                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                           BP-231(13)
                                                  APRIL 1982

**Administrative Remedy No. 388473-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend your offense does not qualify for a Greatest Severity Public Safety Factor. You request removal of the Greatest Severity Public Safety Factor (PSF) applied to your Custody Classification Form.

Our review reveals the Warden and Regional Director adequately responded to the issues raised in your appeal. The application of PSFs is within the authority of the Warden and Regional Director per Program Statement (P.S.) 5100.07, <u>Security Designation and Custody Classification Manual</u>. This P.S. states the Greatest Severity PSF shall be applied when an inmate's current offense falls into the Greatest Severity range according to the Offense Severity Scale. P.S. 5100.07 also states that the Greatest Severity PSF shall be applied for a drug offense where the offender was part of an organizational network and he or she organized or maintained ownership interest/profits from large-scale drug activity and the heroin amount was greater than or equal to two kilograms. P.S. 5100.07 indicates the drug organizer/leader category includes importer/high-level supplier, organizer/leader, grower/manufacturer, financier/money launderer, and aircraft pilot/vessel captain.

You are currently serving a 235-month sentence for Conspiracy to Import Heroin, Aiding and Abetting and Foreign Travel in Aid of Racketeering. Your Presentence Investigation Report (PSI) indicates you were held accountable for at least three kilograms of heroin, but less than 10 kilograms. You also received a two-point enhancement for your role as an organizer, leader, manager, or supervisory role in the criminal drug activity. Based on the foregoing, we find the application of the Greatest Severity PSF appropriate and in accordance with policy.

Your appeal is denied.

_January 27, 2006_
Date

_Harrell Watts, Administrator_
National Inmate Appeals