UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action no. 06-0457(RMC) |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MOTION TO DISMISS

Defendant Federal Bureau of Prisons respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Plaintiff's Complaint.  In support of this motion, Defendant relies on the accompanying memorandum of points and authorities.  A proposed order consistent with this motion is attached.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
Civil Division, Room E4412
501 Third Street, N.W., 4th Floor
Washington, D.C. 20530
202/616-5309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action no. 06-0457(RMC) |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT.

Defendant Federal Bureau of Prisons ("BOP") respectfully submits the following

memorandum in support of its Motion to Dismiss.

Plaintiff is a federal inmate currently incarcerated at the Federal Correctional Institution

("FCI") in Lisbon, Ohio. (Complaint "Compl." at ¶ 3). Plaintiff initiated this action pursuant to

the accuracy provision of the Privacy Act, 5 U.S.C. §552a(e)(5), (Compl. at ¶ 1),[1] alleging that

BOP misapplied its Policy Statement 5100.7 to the facts of his offense as relayed in his

presentence report resulting in an incorrect substantive decision regarding his security

classification. (Compl. at ¶ 9). Plaintiff requests that BOP alter his classification, (Compl. at ¶

12), and seeks $15,000 in damages. (Compl. at ¶ 13).

Plaintiff's allegations fail to state a claim under the Privacy Act. He does not dispute the

accuracy of the information in his presentence report. (Compl. at ¶ 9). Rather, he challenges

BOP's use of this otherwise accurate information in determining a security classification that he

---

[1]    Plaintiff also seeks to invoke the Court's jurisdiction pursuant to 28 U.S.C. §2201. (Complaint, ¶ 2). This
statute does not confer jurisdiction on the Court where it is otherwise lacking: "[i]n a case of actual controversy
within its jurisdiction. . ."28 U.S.C. §2201(a) (emphasis added). Plaintiff also, in his complaint, invokes the Court's
jurisdiction pursuant to 28 U.S.C. §2241. Plaintiff's claim does not appear to sound in habeas; however, were
Plaintiff to seek such a writ, he must do so in the Northern District of Ohio, where he is incarcerated. See 28 U.S.C.
§2241(d).

1

claims is unjustified by the record facts.  (Id. at ¶ 9-10).  "A challenge to the professional judgment of BOP officials in assessing points for purposes of establishing a prisoner's custody classification is not properly mounted by means of a Privacy Act suit."  Doyon v. U.S. Dep't of Justice, 304 F.Supp.2d 32, 35 (D.D.C. 2004).  See Kleiman v. Department of Energy, 956 F.2d 335, 337-38 (D.C. Cir. 1992) (the Privacy Act is not a vehicle for amending the judgments of federal officials reflected in records maintained by federal agencies).

However, even if Plaintiff's claim were cognizable under the Privacy Act, it could not be sustained.  First, BOP has exempted its system of records, the Inmate Central File ("ICF"), from the amendment and accuracy provisions of the Privacy Act.  See 5 U.S.C. § 552a(j)(2); 28 C.F.R. 16.97(a), (j) (as of August 2002).  Thus, Plaintiff cannot seek amendment of records in this system, including his presentence report and memorialization of his security classification, (see Exhibit 1 at 5-7), nor can these records form the basis of a civil action for damages.  See Doyon, 304 F.Supp.2d at 34.

Second, in order to recover monetary damages under the Privacy Act, as Plaintiff seeks here, he must show that "an agency failed to maintain accurate records, that it did so intentionally or willfully, and, consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff."  Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552a(g)(1)(C)).  "An agency acts in an intentional or willful manner 'either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act.'" Deters v. United States Parole Commission, 85 F.3d 655, 660 (D.C. Cir. 1996) (quoting Albright v. United States, 732 F.2d 181, 189 (D.C. Cir. 1984)).  An "adverse determination" denotes "a decision that negatively affects an inmate's rights." Toolasprashad, 286 F.3d at 594 (internal quotation marks omitted).  "[T]he violation

must be so patently egregious and unlawful that anyone undertaking the conduct should have

known it unlawful." Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987)

(internal quotation marks omitted).

Plaintiff in this case cannot make such a showing. He does not allege that he has suffered

any "adverse determination." Plaintiff merely asserts that he has been misclassified as

warranting the "greatest severity" public safety factor, but indicates no negative impact on his

rights as a result of this classification. It is well established that inmates have no right to a

particular security classification. See, e.g. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Moreover, Plaintiff cannot evidence that his challenged classification is "so patently

egregious and unlawful." The BOP has full authority to promulgate rules governing the

classification of prisoners and broad discretionary power to interpret those rules. See Smith v.

Bureau of Prisons, 1996 WL 43556 at *3 (D.D.C. 1996). Indeed, this discretion is so broad that

the Court is statutorily precluded from reviewing a substantive classification decision regarding

a particular inmate under the Administrative Procedure Act ("APA"), which presents the proper

cause of action for Plaintiff's allegations. (See Compl. at ¶ 9 (BOP application of public safety

factor was "arbitrary and capricious")). 18 U.S.C. § 3625 (the APA "does not apply to the

making of any determination, decision, or order under this subchapter."). See Fullenwiley v.

Wiley, 1999 WL 33504428 (N.D.N.Y. 1999) (federal courts lack jurisdiction over claim that

BOP improperly classified prisoner); Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004)

("A placement decision itself is not open to challenge under the APA,"); Fristoe v. Thompson,

144 F.3d 627, 630-631 (10th Cir. 1998) (noting that § 3625 precludes review of the BOP's

substantive decision in an individual case); Landry v. Hawk-Sawyer, 123 F.Supp.2d 17, 19

(D.D.C. 2000) (noting that judicial review of BOP substantive decision regarding a particular prisoner is precluded by 18 U.S.C. § 3625).

In sum, Plaintiff has failed to allege facts and circumstances that set forth a claim under the Privacy Act, BOP is exempt from these claims in any case, and the proper cause of action for Plaintiff's claim, that being under the APA, is statutorily precluded.  Thus, Plaintiff's complaint must be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant requests that this Court enter an order dismissing the action against it in this matter.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
Civil Division, Room E4412
501 Third Street, N.W., 4th Floor
Washington, D.C. 20530
202/616-5309

4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss has been made by

mailing copies thereof to:

IFEDOO NOBLE ENIGWE
Registration No. 45425-066
Federal Correctional Institution
P.O. Box 10
Lisbon, Ohio 44432


on this ____day of July, 2006


_____
KATHLEEN KONOPKA
Assistant United States Attorney
Civil Division, Room E4412
501 Third Street, N.W., 4th Floor
Washington, D.C. 20530
202/616-5309