UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IFEDOO NOBLE ENIGWE,                *

       Plaintiff,               *

    -vs-                            *   Civil Action No. 06-0457(RMC)

BUREAU OF PRISONS,                  *

       Defendant.               *

PLAINTIFF'S REPLY TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT SUB JUDICE

    In its motion to dismiss, the defendant states that Plaintiff "does not dispute the accuracy of the information in his Presentence Report,...[r]ather, he challenges BOP's use of this otherwise accurate information in determining a security classification that he claims is unjustified by the record facts." See Def. Mot. to dismiss, @ 1-2. These two sentences clearly showed that the defendant completely missed the mark of Plaintiff's complaint, and as is to be expected hence, the rest of the defendant's arguments and logic followed the same winding road that led nowhere.

    At no point did the defendant ever attempted to address the core issue of Plaintiff's complaint, to wit, that because program statement 5100.7, Appendix 9, page 1, defined "leader/organizer" as, inter alia, one who "receives the **largest share of the profits** and has **the greatest decision-making authority.**" See complaint, @3, ¶9.

    It is only when a prisoner's PSI has such an information in it could the BOP correctly assess the prisoner the "Greatest Severity"

-1-

RECEIVED
JUL 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

public safety factor.

The complaint states that since Plaintiff's PSI does not have this information about Plaintiff, which is the requisite fact for application of the greatest severity public safety factor, then BOP in assessing Plaintiff a "Greatest Severity" public safety factor, is arbitrarily and capriciously doing so, and that correction needs to be made. And by assessing Plaintiff a greatest severity public safety factor when it is not warranted, BOP is maintaining inaccurate record in Plaintiff's file.

Defendant's motion woefully failed to address this simple complaint. Instead, the motion alleges that public safety factors challenges are exempt pursuant to Title 5 U.S.C.,§552a(j),(2); 28 C.F.R., §16.97(a),(j)(as of August 2002). A carefull review of this so-called exempt statute, however, has a clause in it. Under 28 U.S.C., §16.97(k),the statute states in pertinent part:

> "...where compliance would not appear to interfere with or adversely affect the law enforcement process, and (or where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g., public source materials, or those supplied by Thir parties, the applicable exemption may be waived, either partially or tottally by the Bureau."

In the case at bar, not only did BOP fail to state how keeping accurate record in this matter would interfere with or adversely affect the law enformcement process, but BOP has totally waived exemption in this matter and has permitted Plaintiff to "contest the accuracy of the information collected," by answering Plaintiff's claims in the administrative remedy proceedings, from BP 8½ up to BP 11, none of which ever defended Plaintiff's contest with the "exemption" clause. Instead, Plaintiff's administrative remedy

proceedings were fully responded to on the merits, much like the Tort Claim Act which provides waiver of soverign immunity of the United States, and allowing one to sue the United States under 28 U.S.C., §2671 et seq.

As such, BOP has waived the so-called exemption clause herein. Moreover, the exemption provision came into effect in August of 2002, 10 years after the BOP's use of erroneous fact to assess Plaintiff as a "greatest severity" inmate. The new amendment cannot apply to this Plaintiff who was imprisoned on April 6, 1992, anyway.

The Defendant argues that Plaintiff cannot recover damages because he must first show that the BOP kept inaccurate record, and that it was intentional or willfully, and, conssequently, that an "adverse" determination was made respecting the Plaintiff, citing Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583(D.C.Cir. 2002). However, Plaintiff can show that because of the BOP's keeping of inaccurate record, and classifying Plaintiff as "Greatest Severity" something tantamount to a "special offender," Plaintiff suffers "grevious loss," which affects his rights. Id., @ 584. See also Cardopoli v. Norton, 523 F.2d 990(2nd Cir. 1975); Markis v. United States Bureau of Prisons, 600 F.2d 575(5th Cir. 1979).

In this particular case, Plaintiff can show "grevious loss," and an adverse decision that negatively affects him. Plaintiff has been erroneously been classified as a "Greatest Severity" inmate with public safety factor, insinuating that the public needs to be protected from Plaintiff, more like a "special offender" classification And because of this misclassification, Plaintiff could not be "eligible

-3-

for social furloughs, work release, transfer to community treatment center...." This designation certainly created a 'grevious loss," as envisioned by <u>Cardopoli</u>, <u>Markis</u>, and <u>Toolasprashad</u>.

And BOP has to intentionally and willfully have refused to correct this error because they are sure that there is no where in Plaintiff's PSI that the fact shows him to have "received the largest share of the profits and has the greatest decision-making authority," in his alleged conspiracy, yet they insist that the public safety factor of "greatest severity" will remain on Plaintiff's record.

As such, Plaintiff is entitled to both money damages and injuctive relief for the BOP to correct the record and delete the "Greatest Severity" public safety factor.

Wherefore, Plaintiff respectfully prays.

Respectfully Submitted:

Ifedoo Noble Enigwe, Pro Se
Plaintiff
FCI Elkton
P.O. Box 10
Lisbon, Ohio 44432

## Certificate of Service

I certify that a true and correct copy of the within Reply has been sent to the following:

Kathleen Konopka, AUSA
United States Attorney's Office
501 Third Street, N.W., 4th Floor, (Room E4412)
Washington, D.C. 20530

Respectfully Submitted:

_____
Ifedoo Noble Enigwe, Pro Se
Plaintiff

Dated: __13__ day of __July__, 2006.

-5-