UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IFEDOO NOBLE ENIGWE | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action no. 06-0457(RMC) |
|  | ) | |
| BUREAU OF PRISONS, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

Defendant Federal Bureau of Prisons ("BOP") respectfully submits the following reply to Plaintiff's opposition and in further support of its motion to dismiss. Dismissal is appropriate in this case because Plaintiff's opposition makes clear that he is contesting BOP's allegedly "arbitrary and capricious" determination regarding his security classification, (R.12 at 2),[1] as opposed to any "factual or historical errors" in his records, see Kleiman v. Dep't of Energy, 956 F.2d 335, 337 (D.C. Cir. 1992), a challenge which is not properly mounted by means of a Privacy Act suit, and is specifically precluded by statute. Moreover, Defendant's system of records is exempt from Privacy Act claims, and Plaintiff cannot satisfy the Act's requirements.[2]

Plaintiff's opposition accuses Defendant of failing "to address the core issue of Plaintiff's complaint," namely that his Presentence Report ("PSR") (accurately, according to Plaintiff) does not contain evidence that he "receive[d] the largest share of the profits or ha[d] the greatest

---

[1]  An "R." followed by a number describes a document by reference to its placement in the Court's docket.

[2]  Plaintiff alleges for the first time in his opposition to Defendant's motion that the security classification he challenges was first imposed in 1992. (R.12 at 3). Based on this allegation, Plaintiff's suit is barred by the statute of limitations. See 5 U.S.C. § 552a(g)(5) ("An action to enforce any liability under [the civil liability section] may be brought in . . . district court . . . within two years from the date on which the cause of action arises."); Baker v. England, 397 F.Supp.2d 18, 23-24 (D.D.C. 2005).

decision-making authority" in the drug organization for which he was convicted, and thus, BOP incorrectly assessed him as a "leader/organizer" under BOP Program Statement 5100.7 and classified him as warranting the "Greatest Severity" public safety factor. (R.12 at 1-2; see R.12 at 2 (referring to his suit as a "public safety factor challenge")). Defendant did not address the appropriateness of this security classification, because the Court is unable to entertain such a challenge.

As much as Plaintiff might wish otherwise, it is well established that "[a] challenge to the professional judgment of BOP officials in assessing points for purposes of establishing a prisoner's custody classification is not properly mounted by means of a Privacy Act suit." Doyon v. U.S. Dep't of Justice, 304 F.Supp.2d 32, 35 (D.D.C. 2004). Moreover, the mere fact that Plaintiff's security classification may be memorialized in his Central File, does not create a cognizable claim under the Privacy Act. See Kleiman, 956 F.2d at 337-38 (the Privacy Act is not a vehicle for amending the judgments of federal officials reflected in records maintained by federal agencies).

Indeed, it would subvert legislative purpose if prisoners were allowed to circumvent the broad discretion that Congress has accorded BOP in regard to such matters, see Smith v. Bureau of Prisons, 1996 WL 43556 at *3 (D.D.C. 1996) (BOP has full authority to promulgate rules governing the classification of prisoners and broad discretionary power to interpret those rules), by lodging Privacy Act claims to achieve the judicial review of classification decisions statutorily precluded under the Administrative Procedure Act ("APA"). 18 U.S.C. § 3625 (the APA "does not apply to the making of any determination, decision, or order under this subchapter."). See Fullenwiley v. Wiley, 1999 WL 33504428 (N.D.N.Y. 1999) (federal courts lack jurisdiction over claim that BOP improperly classified prisoner); Richmond v. Scibana, 387

F.3d 602, 605 (7th Cir. 2004) ("A placement decision itself is not open to challenge under the APA,"); Fristoe v. Thompson, 144 F.3d 627, 630-631 (10th Cir. 1998) (noting that § 3625 precludes review of the BOP's substantive decision in an individual case); Landry v. Hawk-Sawyer, 123 F.Supp.2d 17, 19 (D.D.C. 2000) (noting that judicial review of BOP substantive decision regarding a particular prisoner is precluded by 18 U.S.C. § 3625).

Plaintiff additionally asserts in his opposition that Defendant has "waived" the Privacy Act exemptions applicable to its system of records, the Inmate Central File ("ICF"), by addressing his administrative request for relief. (R.12 at 2-3). Plaintiff cites no authority, and Defendant knows of none, for the proposition that an agency may implicitly waive exemptions under the Privacy Act by addressing a claimant's administrative complaint on the merits.[3] In any case, the administrative claim that Plaintiff lodged, (attached to Complaint), does not reference the Privacy Act, and BOP did not address it as such a claim. (see BOP response attached to Complaint). Thus, there is no evidence that BOP has exercised its right to waive ICF's exemption to the amendment and accuracy provisions of the Privacy Act.[4]

Finally, Plaintiff asserts that he is entitled to recover monetary damages under the Privacy Act, because he has suffered "'grievous loss' which affects his rights." (R.12 at 3). See Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552a(g)(1)(C)) (Privacy Act plaintiff must show that "an agency failed to maintain accurate records, that it did so intentionally or willfully, and, consequently, that an 'adverse'

---

[3] Indeed, to the extent that such waiver should be construed as essentially consent to suit, the law appears to directly contradict Plaintiff's claim regarding the legitimacy of implicit waiver. See Council on American Islamic Relations v. Ballenger, 444 F.3d 659, 666 (D.C. Cir. 2006) (the United States may not be sued "absent an explicit and unequivocal waiver").

[4] Plaintiff also apparently claims that Defendant may not rely on its exemption to the accuracy provision of the Privacy Act, because that exemption was only instituted in August, 2002. (R.12 at 3). However, if Plaintiff's claim accrued at any point prior to March 10, 2004, it would be barred by the statute of limitations. (See footnote 2 above). Thus, Plaintiff's claim cannot be sustained.

'determination [wa]s made' respecting the plaintiff."). However, Plaintiff fails to point to any particular adverse determination by the Agency that he has suffered. Indeed, he merely indicates that his eligibility for "social furloughs, work release, transfer to community treatment center" "could" be affected. (R.12 at 4-5). Significantly, Plaintiff does not allege that he has applied for any of these privileges or that he would even be eligible for them absent his security classification.[5] It is well established that inmates have no right to a particular security classification. See, e.g. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

In sum, Plaintiff's claim is not cognizable under the Privacy Act, and it would subvert legislative purpose to allow Plaintiff to effectively challenge his security classification through such a means. Moreover, BOP is exempt from any timely Privacy Act claim based on the amendment or accuracy provisions, and Plaintiff has failed to substantiate a harm based on any adverse determination by the Agency. Thus, Plaintiff's complaint must be dismissed.

---

[5]      Plaintiff is serving a 235 month sentence for Conspiracy to Import Heroin and Aiding and Abetting and Foreign Travel in Aid of Racketeering. (BOP's response to administrative complaint attached to Complaint).

4

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court enter an order dismissing the action against it in this matter.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
Civil Division, Room E4412
501 Third Street, N.W., 4th Floor
Washington, D.C. 20530
202/616-5309

5

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Reply in Further Support of Motion

To Dismiss has been made by mailing copies thereof to:

IFEDOO NOBLE ENIGWE
Registration No. 45425-066
Federal Correctional Institution
P.O. Box 10
Lisbon, Ohio 44432

on this ____ day of July, 2006

                                      _____
                                      KATHLEEN KONOPKA
                                      Assistant United States Attorney
                                      Civil Division, Room E4412
                                      501 Third Street, N.W., 4th Floor
                                      Washington, D.C. 20530
                                      202/616-5309