UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IFEDOO NOBLE ENIGWE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-457 (RMC) |
| BUREAU OF PRISONS, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

This matter is before the Court on Defendant Bureau of Prisons' ("BOP") motion to dismiss. In this action, as clarified by Plaintiff Ifedoo Noble Enigwe's opposition to the motion, Mr. Enigwe challenges BOP's security classification of him as "greatest severity." He claims that the BOP based this decision on an erroneous interpretation of the definition of "leader/organizer" of a drug trafficking organization set forth in BOP Program Statement 5100.7, as applied to his offenses described in his presentence investigation report. Mr. Enigwe seeks injunctive relief and $15,000 in damages under the Privacy Act, 5 U.S.C. § 552a *et seq.*[1]

BOP moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). It has not articulated a basis for

---

[1] Mr. Enigwe asserted as additional bases for jurisdiction 28 U.S.C. §§ 2201 (Declaratory Judgment Act) and 2241 (Habeas Corpus). Compl. at 1. The district court lacks jurisdiction over a declaratory judgment action where habeas corpus is available as a remedy. *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996). In addition, BOP rightly asserts that a habeas claim must be brought against the petitioner's custodian in the jurisdiction of his confinement. *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Mr. Enigwe and his custodian are located at the Elkton Federal Correctional Institution in Lisbon, Ohio. To the extent that Mr. Enigwe seeks habeas relief, he must pursue it in the United States District Court for the Northern District of Ohio.

dismissal of the case under Rule 12(b)(1) and the Court discerns no such basis. Mr. Enigwe's Privacy Act claim is properly before this Court as presenting a federal question. *See* 28 U.S.C. § 1331. The motion to dismiss pursuant to Rule 12(b)(1) therefore is denied. Upon consideration of the parties' submissions and the entire record, the Court will grant BOP's motion to dismiss pursuant to Rule 12(b)(6).

## I. FACTUAL BACKGROUND

Mr. Enigwe is serving a 235-month prison sentence for Conspiracy to Import Heroin, Aiding and Abetting, and Foreign Travel in Aid of Racketeering. Compl. at 8 (Attachment). Mr. Enigwe alleges that his presentence investigation report ("PSR" or "PSI") contains "facts that he was a manager in a drug organization [for which he] was given two points for the role." Compl. ¶ 5. "[A]rmed with this information, along with the fact that the PSI also reported that about 3 kilograms of heroin was [*sic*] imported in the case," BOP assessed him a public safety factor of "greatest severity." *Id*. ¶ 6. Believing that "his PSI does not contain the type of information that warrants a 'Greatest Severity,'" Mr. Enigwe sought "to have his record corrected." *Id*. ¶ 7. BOP denied his request "stating that Plaintiff's record [qualified him] because he was a leader/organizer." *Id*. ¶ 8.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted). BOP asserts that Mr. Enigwe has failed to state a claim upon which relief may be granted under either the Privacy Act or the Administrative Procedure Act ("APA"), 5 U.S.C.

§ 551 *et seq*.

### III.  ANALYSIS

*A.  Plaintiff Fails to State a Claim Under the Privacy Act*

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]." 5 U.S.C. § 552a(e)(5).  Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete."  *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991).  Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment and accuracy requirements.  In addition, subsection (g)(4) provides for monetary damages, costs, and attorneys' fees where the agency is shown to have acted intentionally or willfully.  *See Doe*, 936 F.2d at 1350; *accord Deters v. United States Parole Commission*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992).  An agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual."  5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A).  "It is feasible, necessary, and proper, for the agency and, in turn, the district court to determine whether each filed item of information is accurate."  *Doe v. United States*, 821 F.2d 694, 699 (D.C. Cir. 1987).

BOP rightly asserts that Mr. Enigwe is not challenging the accuracy of his PSR but rather the prison officials' judgment based on facts it contains.  The Privacy Act is not "a vehicle for amending the judgments of federal officials or . . . other[s] . . . as those judgments are reflected in

records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992) (quoting *Rogers v. United States Dep't of Labor*, 607 F. Supp. 697, 699 (N.D. Cal.1985)); *see Levant v. Roche*, 384 F. Supp.2d 262, 270 (D.D.C. 2005) (stating that a "complaint . . . not about the accuracy of . . . records, but about the underlying decision they reflect" is not cognizable under the Privacy Act); *McCready v. Principi*, 297 F. Supp.2d 178, 190 (D.D.C. 2003) ("The [Privacy Act] allows for correction of facts but not correction of opinions or judgments, no matter how erroneous such opinions or judgments may be."), *rev'd in part on other grounds sub nom. McCready v. Nicholson*, 465 F.3d 1 (D.C. Cir. 2006). In particular, the Privacy Act is not available to "challenge . . . the professional judgment of BOP officials in assessing points for purposes of establishing a prisoner's custody classification." *Doyon v. Dep't of Justice*, 304 F. Supp. 2d 32, 35 (D.D.C. 2004) (citing *Kleiman*, 956 F.2d at 337-38). In the absence of an identifiable inaccurate record, Mr. Enigwe's Privacy Act claim may not be maintained.

### B. Plaintiff Fails to State a Claim Under the APA

Although Mr. Enigwe has not invoked the APA as a jurisdictional basis, he claims in his opposition that BOP's decision was arbitrary and capricious. Pl.'s Reply to Defendant's Motion to Dismiss Complaint Sub Judice [Dkt. #12] at 2. Thus, BOP counters in its reply that the Court is precluded by statute from reviewing its classification decision under the APA because "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter," namely, Subchapter C–Imprisonment. 18 U.S.C. § 3625. Subchapter C requires BOP to "designate the place of the prisoner's imprisonment" and authorizes it to determine an "appropriate and suitable" location based on, *inter alia*, "the nature and circumstances of the offense" and the history and characteristics of the

prisoner." 18 U.S.C. § 3621(b). These duties are administered through "internal agency guideline[s] [*i.e.*, Program Statements] . . . [that are] entitled to some deference." *Reno v. Koray*, 515 U.S. 50, 61 (1995) (citations omitted). In the absence of a claim of constitutional violation, abuse of discretion, agency action contrary to law, or agency action exceeding the scope of its authority, the Court is precluded by statute from reviewing BOP's classification decision. *See Jasperson v. Federal Bureau of Prisons*, No. 06-1488, 2006 WL 3060087 *5-6 (D.D.C. Oct. 30, 2006); *Gallucci v. Chao*, 374 F. Supp.2d 121, 126 (D.D.C. 2005) (citing, inter alia, *Leedom v. Kyne*, 358 U.S. 184, 190-191 (1958)); *Davis v. Beeler*, 966 F. Supp. 483, 489 (E.D. Ky. 1997); *Smith v. Bureau of Prisons*, No. 94-1798, 1996 WL 43556 *3-4 (D.D.C., Jan. 31, 1996).

Mr. Enigwe has not provided a basis for applying any of the foregoing exceptions to § 3625's proscription. The Court therefore lacks authority to review BOP's classification decision under the APA.[2]

---

[2] In any event, the APA would provide no remedy for Mr. Enigwe because it authorizes lawsuits against the United States only for non-monetary damages. 5 U.S.C. § 702; *see Jasperson*, 2006 WL 3060087, at *4 (discussing waiver of sovereign immunity). Injunctive relief is foreclosed by BOP's exemption of its Inmate Central File from the Privacy Act's amendment and accuracy provisions; thus, the Court could not compel BOP to amend the record containing the security classification even if it were inaccurate. *See* 28 C.F.R. § 16.97(a)(4); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("[P]resentence reports and BOP inmate records systems are exempt from the amendment provisions of the Act.") (citing, inter alia, *Deters*, 85 F.3d at 658 n.2); 5 U.S.C. § 702 ("Nothing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."). Declaratory relief is unavailable because the Privacy Act provides "prior, adequate, and exclusive opportunity for judicial review." 5 U.S.C. § 703; *see Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("The Declaratory Judgments Act is not an independent source of federal jurisdiction . . . ; the availability of such relief presupposes the existence of a judicially remediable right.") (citation omitted).

.

## IV.  CONCLUSION

For the foregoing reasons, BOP's motion to dismiss is granted.  A separate Order accompanies this Memorandum Opinion.


Date: December 22, 2006                              /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge