UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IFEDOO NOBLE ENIGWE,                *

      Plaintiff,              *

    -vs-                              *   Civil Action No. 06-457(RMC)

BUREAU OF PRISONS,                  *

      Defendant.              *

RECEIVED
JAN 8 -- 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION FOR RECONSIDERATION
PURSUAN TO RULE 59(e),FED.R.CIVIL.PROC.

    <u>A.</u>  This Court opined that because Plaintiff "is not challenging the accuracy of his PSR but rather the prison officials' judgment based on facts it contains," then the Privacy Act is not a vehicle for his complaint. But this Court inadvertently missed the fact that the BOP is maintaining an inaccurate record in Plaintiff's file by classifying him as a "greatest severity public safety factor" which by the BOP's program statement Plaintiff is not. If the BOP had properly interpreted its own program statement on how to apply facts gleaned from the PSR, then they would not maintain such inaccurate record of a public safety factor of greatest severity in Plaintiff's file. The maintanance of this erroneous record of greatest severity is detrimental to Plaintiff because it could be used by other federal agents if not corrected. It is already being used by BOP to view Plaintiff as onw whom the public must be protected from whereas it should not be so. As such, Plainntiff's claim falls squarely under the Privacy Act, and this Court should at least compel the BOP to adopt the meaning of its definition of leader/organizer under the January 31, 2002 amendment, Appendix G, page 1 of the program statement 5100.7.

-1-

B. Plaintiff's claim can be maintained under APA[1] as well because this Court has jurisdiction when there exists "a claim of constitutional violation, abuse of discretion..." See Court's Order of December 22, 2006, @5. A court has held that the BOP has discretionary power to interpret the rules government custody classification. See Smith v. Bureau of Prisons, 1996 WL 43556, @*3(D.D.C. 1996). Logically, when an agency has discretion to perform a duty, such discretion can be checked for abuse of discretion. As such, this Court cannot be precluded from reviewing such "abuse of discretion." Furthermore, the BOP's action of keeping such inaccurate record has the effect of depriving Plaintiff a constitutional right. See Cardopoli v. Norton, 523 F.2d 990(2nd Cir. 1975); markis v. united States Bureau of Prisons, 600 F.2d 575(5th cir. 1979).

Wherefore, this Court should re-visit this matter if for nothing else, help the BOP interpret its program statement 5100.7, Appendix G, page 1, of January 31, 2002 as it pertained to leader/organizer.

Respectfully Submitted:

_____
Ifedoo Noble Enigwe, Pro Se
Plaintiff

---

[1] To the extent that Plaintiff requested monetary damages agaonst the government where APA does not allow such, this Court should disrehard the money damages asepect of Plaintiff's requested relied. See Haine v. Kerner, 404 U.S 519(1984).

## Certificate of Service

I certify that a true and correct copy of the within Motion has been sent to the following:

Kathleen Konopka, AUSA
United States Attorney's Office
501 Third Street, N.W., 4th Floor, Room E4412
Washington, D.C. 20530

Respectfully Submitted:

_____
Ifedoo Noble Enigwe, Pro Se
Plaintiff

Dated: 29 day of December, 2006.

-3-